IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **06-cv-2173-JLK**

**SARAH GOLD,**

    Plaintiff,

v.

**GINA V. McMAHAN,**

    Defendant.

## ORDER DENYING MOTION TO DISMISS

Kane, J.

This matter is before me on Defendant Gina McMahan's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 31), filed September 7, 2007. Ms. McMahan asserts subject matter jurisdiction is lacking in this diversity action because Plaintiff Sara Gold has no factual basis for alleging damages in excess of the $75,000 jurisdictional requirement. In response, Ms. Gold has produced a detailed accounting of damages and supporting documentation that I find is more than sufficient to demonstrate that the amount in controversy exceeds $75,000.

Ms. McMahan asserts that dismissal should nonetheless be ordered, and attorneys fees awarded to her, because the evidence relied upon by Ms. Gold in her accounting was not timely disclosed and therefore is inadmissible. I find no factual basis for the alleged untimely disclosure, or the sanctions requested, in the record.

The record shows that Ms. Gold alleged damages in excess of $100,000 in her complaint based on alleged mishandling and appropriation by Ms. McMahan, Ms. Gold's niece, of nine enumerated bank and investment accounts and other assets during a period in which Ms. McMahan acted in a fiduciary capacity for her elderly aunt. Ms. Gold also alleged that the exact amount of damages suffered could not be determined until a thorough accounting of the business affairs handled by Ms. McMahan.

The Stipulated Scheduling and Discovery Order, entered on March 1, 2007, required Ms. McMahan to order and produce check advices for expenses paid and to provide an accounting and explanation as to the accounts and assets identified in the Complaint. *See* Stip. Sched. & Disc. Order (Doc. 9), ¶ 5.c, e. In a June 6, 2007 Joint Status Report, the parties reported that Ms. McMahan had not met either obligation and also had not provided Ms. Gold with the releases necessary for Ms. Gold to obtain the relevant bank account and other financial information. Jt. Status Rept. (Doc 26), ¶ 2. The parties therefore proposed a revised discovery schedule that required Ms. McMahan to provide the required accounting and explanation as to specific items contested by Ms. Gold no later than August 15. I approved this schedule in a bench order entered during the June 7, 2007 status conference. *See* Minute Entry for Telephonic Status Conf. (Doc. 28). This order also set November 1, 2007 as the discovery cut-off date. *Id.*[1]

---

[1] The cut-off date for discovery was later extended to December 1, 2007, and then to January 2, 2008.

In a letter dated June 14, 2007, Ms. Gold requested that Ms. McMahan provide her with the required accounting with respect to specific bank accounts, credit card accounts, investment accounts and other assets that had been managed by Ms. McMahan on behalf of her aunt. With respect to her accounts at Vectra Bank and other institutions, Ms. Gold requested that Ms. McMahan identify the source and receipt of funds and expenditures made from these accounts between March 29, 1996 and September, 2006. In the weeks before and after this letter, Ms. Gold also provided Ms. McMahan with the relevant bank and other account statements and information, which Ms. Gold had obtained by subpoena from the various institutions. Production of these documents to Ms. McMahan was completed by July 3, 2007. Ms. Gold confirmed that she had produced all documents or records for these accounts in her July 15 response to a June 15 request for production of these documents by Ms. McMahan. *See* Pl.'s Resp. to Def.'s Req. for Produc. of Docs., ¶ 4.

In a letter dated July 20, 2007, Ms. McMahan provided Ms. Gold with a partial accounting regarding certain of the items specified in Ms. Gold's June 14 letter. She refused, however, to provide any accounting with respect to her management of Ms. Gold's three Vectra bank accounts, claiming that Ms. Gold had not been specific enough in her accounting request and that it was unreasonable to expect Ms. McMahan to review the bank records Ms. Gold had provided her to produce the required accounting.

Based on the non-bank-related items for which she did provide an accounting, Ms. McMahan further asserted in her July 20 letter that amount in controversy was at most

3

$68,968.88, just short of the $75,000 threshold for federal diversity jurisdiction. On this basis, Ms. McMahan threatened to file this motion to dismiss for lack of subject matter jurisdiction. Ms. McMahan reiterated these positions in a subsequent letter and then filed the motion that is the subject of this decision on September 7, 2007.

In her September 27 response to this motion, Ms. Gold detailed the results of her own review of the bank and other records previously produced to Ms. McMahan. Based on this review, Ms. Gold identified and presented sufficient evidence to establish that the amount in controversy here exceeds $270,000, including more than $200,000 in allegedly unauthorized expenditures from the Vectra checking and money market accounts omitted from both Ms. McMahan's July 20 accounting and her arguments regarding the amount in controversy in this action.

Based on this record, I find Ms. Gold timely disclosed the relevant bank and other information to Ms. McMahan and satisfied her obligation under the June 6 Joint Stipulation and my related order that she specify the items for which Ms. McMahan would produce an accounting. To the extent that the spreadsheets and other materials Ms. Gold prepared during her own review and accounting of these records constitute materials subject to Ms. McMahan's previous request for production of documents, Ms. Gold met her obligation to supplement her response to these requests when she produced these spreadsheets and calculations in her September 27 response to Ms. McMahan's motion to dismiss. I also note in this regard that this disclosure was made well in advance of the discovery cut-off in this action. Moreover, even if

4

Ms. Gold's production of this information could be deemed untimely, I would find no basis in the facts or the law to sanction Ms. Gold by holding this evidence inadmissible or by awarding Ms. McMahan attorney fees for bringing her unsuccessful motion to dismiss.

For the reasons stated above, I therefore find subject matter jurisdiction exists over this action and DENY Defendant Gina McMahan's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 31).

In conjunction with my October 18 order permitting Ms. McMahan's most recent counsel to withdraw, I extended the deadline for filing any dispositive motions in this action until January 17, 2008. If no additional dispositive motions are filed by this deadline, or the parties do not reach a settlement, this action will proceed to a Pretrial Conference and then to trial.

IT IS SO ORDERED.

Dated this 13th day of December, 2007.

                                              s/John L. Kane
                                              John L. Kane, Senior District Judge
                                              United States District Court