**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 06-CV-2173-JLK-BNB

ESTATE OF SARAH GOLD,                )
As successor to interest of          )
Sarah Gold, deceased                 )
                Plaintiff,    )
                              )
v.                                   )
                              )
GINA McMAHAN                         )
                Defendant.    )
                              )

**MOTION FOR SANCTIONS PURSUANT TO FED.R.CIV.P. 11(c)**

GINA McMAHAN, through counsel, respectfully moves this Court for an Order Sanctioning Plaintiff and/or Plaintiff's Counsel for Plaintiff's Application for a Writ of Garnishment Issued by this Court, pursuant to Fed.R.Civ.P. 11(c), and states as follows:

**Certification of Conferral D.C.COLO.LCivR 7.1(a)**

Prior to filing this Motion, the undersigned conferred with counsel for Plaintiff. Plaintiff opposes the Relief requested. Plaintiff refused to withdraw the Writ of Garnishment. The undersigned also conferred with Plaintiff prior to Plaintiff's request for the issuance of a Writ of Garnishment by this Court (as set forth below) and advised counsel for Plaintiff of the basis for this Request. Plaintiff and Plaintiff's counsel therefore knew the basis for this Motion before making the request for issuance of the Writ, yet did so notwithstanding such advisement.

1. On July 14, 2008, this Court entered a Judgment in favor of Plaintiff (the "Judgment") and against Ms. McMahan.

2. On August 24, 2021, the Court, following a request by the Plaintiff, issued a Writ of

       Garnishment to Applied Bank. *See Docket No. 106.*

3. Ms. McMahan has contemporaneously filed a Motion To Quash, Alternatively for Relief from the Writ of Garnishment. Ms. McMahan incorporates by reference the factual allegations and arguments therein. Fed.R.Civ.P. 10(c).

4. Fed.R.Civ.P. 11(b), requires, that by presenting the Court a pleading, written motion or other paper, an attorney or unrepresented party certifies that to the best of the person's knowledge, information and belief, formed after reasonably inquiry under the circumstances:

> (1) it is not being presented for any improper purposes such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and any other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support, of if specifically identified, will likely have evidentiary support after a reasonable opportunity of further investigation and discovery; and, (4) the denials of faction contentions are warranted on the evidence, or, if specifically so identified, are reasonably based on belief or a lack of information.

5. Rule 11 establishes a standard of objective reasonableness. *Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir. 1988). The Court must determined whether counsel's conduct was reasonable under the circumstances of the case for the imposition of Rule 11 sanctions. *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997). Such test does not require a finding of subjective bad faith on the part of the offending attorney. *Cf. Scott v. Boeing Co.*, 204 F.R.D. 698, 700 (D. Kan. 2002) (noting that an attorney's subjective good faith belief in the merits of an argument will not suffice to satisfy the standard of objective reasonableness).

6. Rule 11 also establishes a duty of candor exposing counsel to sanctions for continuing to advocate a position after learning that it ceases to have merit or is no longer tenable. *Young*

*v. Corbin*, 889 F. Supp. 582, 585 (N.D.N.Y. 1995). Rule 11 is designed to curb abuses of the litigation process. *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 542 (1991). A Rule 11 violation occurs where it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify, or reverse the law as it stands. *Harrison v. Luse*, 760 F. Supp. 1394, 1399 (D. Colo. 1991) superseded by Rule as stated in *Dowling v. General Motors, LLC*, 333 F.R.D. 534, fn 6. (D.Colo. 2019).

7. When determining whether and what sanctions are appropriate, the Court should consider:

   (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process;...(3) the culpability of the litigant, and (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance. Before a court orders dispositive sanctions, it should also consider the efficacy of lesser sanctions.

   *Grady v. Broderson*, No. 13-cv-00752-REB-NYW, 2015 WL 1384371, at *4 (D. Colo. Mar. 23, 2015) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) ). "[T]he Ehrenhaus factors should be considered even in cases that do not involve dispositive sanctions." *Id*. (citing *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 167 F.R.D. 90, 102 (D. Colo. 1996) ).

8. Here, Plaintiff failed to register the Judgment issued in this Case in any court in the State of Delaware as required by 28 U.S.C. §1963 to enforce the Judgment in that State.

9. Plaintiff instead caused the issuance of the Writ of Garnishment from this Court without advising or disclosing to the Court applicable Delaware Law.

10. Delaware law is clear. Bank accounts at a state chartered bank are exempt from garnishment.10 Del.C. §3502 (2020). Ms. McMahan's account at Applied Bank, a bank

solely existing within the State of Delaware, is therefore exempt from execution. *Id.; Bank of Delaware v. Wilmington Housing Authority*, 352 A.2d 420, 422 (Del. 1976).

11. Before Plaintiff sought issuance of the Writ, the undersigned advised counsel for the Plaintiff of the Delaware statute and admonished counsel not to seek any garnishment of Ms. McMahan's bank account at Applied Bank. Plaintiff, and counsel, ignored this advisement.

12. Plaintiff, and counsel, sought the Writ knowing that long standing Delaware law prohibited the issuance of such garnishment. Similarly, such persons knew this Court lacked jurisdiction over property located within the State of Delaware at the time of their request.

13. After issuance, counsel for the undersigned again conferred with counsel for the Plaintiff and requested Plaintiff withdraw the Writ, on numerous occasions, via phone, email and letter.

14. On such instance was on August 24, 2021. Counsel for Ms. McMahan wrote to counsel for Plaintiff and advised Plaintiff and counsel of the applicability of Delaware law. Attached hereto as **Exhibit 1** is a copy of such letter. Notwithstanding this additional advisement, Plaintiff refused to withdraw the Writ of Garnishment.

15. On September 10, 2021, this Court adopted Magistrate Judge Mix's recommendations on Plaintiff's prior motions for relief pursuant to Rule 69. *See Docket No. 110.* The Court also noted

> By filing these repetitive, meritless Motions (see Magistrate Judge Mix's Recommendation) and failing to withdraw or supplement them in a timely manner, counsel for the estate has wasted this Court's time in contravention of Federal Rule of Civil Procedure 1. He has offered no reason for why the Motion to Withdraw was not filed before Magistrate Judge Mix issued her thorough Recommendation. Our Magistrate Judges work incredibly hard and their time must be respected. Attorneys have a duty to update their filings as circumstances change and they become aware of the defects in their arguments.

16. After such finding, the undersigned again conferred with counsel for the Plaintiff requesting Plaintiff to withdraw the improvidently issued Writ of Garnishment. Plaintiff, through counsel, refused.

17. Ms. McMahan therefore asserts that Plaintiff, and counsel for Plaintiff, knowingly sought the issuance of the Writ of Garnishment in violation of Colorado and Delaware law. Plaintiff, and counsel, have continued their quest to garnish Ms. McMahan's account at Applied Bank by refusing to withdraw the Writ after notice.

18. Applying the *Ehrenhaus* factors, *see supra*,

    a.  the degree of actual prejudice to the defendant: Ms. McMahan has been greatly prejudiced by the Writ. She has been forced to expend unnecessary attorney's fees and her own time, as well as the emotional distress wrought by the Writ. Assuming the Writ is actually served, Ms. McMahan will expend more attorney's fees to traverse the writ. C.R.C.P. 103.

    b.  the amount of interference with the judicial process: Plaintiff and counsel have knowingly expended valuable resources of this Court as a result of the improper Writ of Garnishment. Fed.R.Civ.P. 1 requires that the Rules be construed, administered, and employed by the Court *and the parties* to secure the just, speedy, and inexpensive determination of every action and proceeding. (emphasis added).

    c.  the culpability of the litigant: Plaintiff and counsel knew, through numerous communications with counsel for Ms. McMahan of their improper actions. Yet, both Plaintiff and counsel have continued with their actions refusing to withdraw the Writ.

      d.      whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance: the Court may, as part of this Motion, issue any order to Plaintiff and counsel warning them of sanctions for their noncompliance with Rule 11. Ms. McMahan asserts however, that Plaintiff and counsel have been amply warned; for much longer than Fed.R.Civ.P. 11(c)(2) requires.

      e.      Before a court orders dispositive sanctions, it should also consider the efficacy of lesser sanctions: Here, Plaintiff and counsel were previously admonished by this Court of their improvident and numerous motions. Notwithstanding such admonishment by this Court, Plaintiffs continue on their quest. Indeed, Plaintiff and counsel have failed to update this Court, let alone their own request for issuance of the Writ, with the applicable Colorado and Delaware law.

19. Given all of the above, Ms. McMahan asserts Plaintiff's Application for Issuance of the Writ, coupled with counsel's knowledge and continued refusal, constitutes a willful violation of Rule 11(b).

20. Pursuant to Fed.R.Civ.P. 11(c), if, after notice and a reasonable opportunity to respond, the Court determines that Rule 11(b) has been violated, the Court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.

21. Ms. McMahan therefore seeks the imposition of sanctions against Plaintiff and counsel for Plaintiff for their willful and knowing violations. Fed.R.Civ.P. 11(c)(4). Such sanctions should include appropriate injunctions prohibiting Plaintiff from filing further frivolous pleadings, as well as monetary sanctions to deter such conduct in the future. *Id.* Ms.

McMahan recommends a sanction of $100 per day for every day that the Writ of Garnishment has not been withdrawn against Plaintiff and counsel for Plaintiff.

22. Ms. McMahan also seeks recovery of her attorneys' fees and costs incurred to quash the Writ and file this sanctions motion. *Id.*

WHEREFORE, Ms. McMahan respectfully requests this Court to enter an Order finding Plaintiff and counsel for Plaintiff willfully and knowingly violated Fed.R.Civ.P. 11(b) in their Application for Issuance of the Writ of Garnishment, for an Order sanctioning Plaintiff and counsel for Plaintiff and enjoining Plaintiff and counsel for Plaintiff from filing further frivolous pleadings, for an Order of Monetary Sanctions in an amount to deter such conduct in the future, for an Order awarding Ms. McMahan her attorneys' fees and costs incurred to quash the Writ and file this sanctions motion, and for such other relief as this Court deems appropriate.

DATED: September 17, 2021.                    Respectfully submitted,
                                              BUECHLER LAW OFFICE, L.L.C.

                                              /s/ K. Jamie Buechler
                                              _____
                                              K. Jamie Buechler, #30906
                                              999 18th Street, Suite 1230-S
                                              Denver, Colorado 80202
                                              Tel: 720-381-0045
                                              Fax: 720-381-0382
                                              Jamie@Kjblawoffice.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 17, 2021, I served by prepaid first class mail [or other acceptable means, i.e. via hand delivery] a copy of the **MOTION FOR SANCTIONS PURSUANT TO FED.R.CIV.P. 11(c)**, on all parties against whom relief is sought and those otherwise entitled to service pursuant to FED.R.BANKR.P. and these L.B.R. at the following addresses:

Via U.S. Mail:

Gina McMahan
1734 Sable View Drive
Castle Pines, CO 80108-9592

Via CM/ECF:

Jack a. Strellis, Esq.
Jstrellis@strellislaw.com

Beverly L. Edwards, Esq.
8400 E. Prentice Ave., Ste. 1500
Greenwood Village, CO 80111
bedwards@rmlawgrp.com

Applied Bank
2200 Concord Pike, Suite 102
Wilmington, DE 19803


By:  */s/ Sharon E. Fox*
     For Buechler Law Office, L.L.C.

-8-