

K. Jamie Buechler
Jamie@KJBlawoffice.com

August 24, 2021

**Via email: bedwards@rmlawgrp.com**

Beverly L. Edwards, Esq.
8400 E. Prentice Ave, Suite 1500
Greenwood Village, CO 80111

Re:   *Estate of Gold v. McMahan*, USDC, Colo, Case No.06-cv-2173

Dear Bev:

We are in receipt of a Writ of Garnishment that the Estate of Ms. Gold obtained from the U.S. District Court, District of Colorado, in connection with the above matter. The Writ is directed to Applied Bank in Delaware. Ms. McMahan does have a bank account at Applied Bank in Delaware.

However, I advised you that under Delaware law, state chartered banks cannot be subject to writs of garnishment, except as to employees of the bank. 10 Del.C. §3502 (2020). The Statute has been upheld several times. *See Bank of Delaware v. Wilmington Housing Authority*, 352 A.2d 420 (Sup.Ct. DE, New Castle Cnty 1976); *Amabili v. Antonini*, 1986 WL 2282 (1986).

As a result, the Estate of Gold's Writ of Garnishment was improper as Colorado lacks jurisdiction over Applied Bank which is solely in Delaware. Moreover, the Writ is in clear violation of Delaware Law. ***Demand is made upon the Estate of Gold to immediately withdraw its Writ of Garnishment upon Applied Bank.***

If the Estate of Gold refuses, Ms. McMahan will be forced to file a motion to quash the Writ of Garnishment. Ms. McMahan will therefore consider such refusal as an opposition to her motion. In her motion, Ms. McMahan will seek attorney's fees and costs for the Estate of Gold's groundless, frivolous and vexatious Writ.

Sincerely,

K. Jamie Buechler, Esq.
*Gender pronouns:* she/her

EXHIBIT 1

cc:   Client

T. 720.381.0045
F. 720.381.0382

999 18th Street
Suite 1230-S
Denver, CO
80202
KJBlawoffice.com